***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Holmes.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. Plaintiff is incarcerated in the North Carolina Department of Correction. He has been housed at various institutions, and was housed at Polk Correctional Institution at the time of hearing before the Deputy Commissioner.
2. Plaintiff George W. Gantt, a prison inmate incarcerated in the custody and control of defendant North Carolina Department of Correction, initiated this civil action on October 4, 2006 by filing a Tort Claim Affidavit alleging that, on September 16-28, 2006, employees of defendant at Lanesboro Correctional Institution were negligent concerning his inmate work assignment, proximately causing personal injury to plaintiff.
3. At trial, plaintiff testified that employees of defendant at Lanesboro Correctional did not follow proper procedures in assigning plaintiff to work as a janitor, and that plaintiff was forced to perform additional duties when two other prison inmates were terminated from similar janitorial positions. Plaintiff testified that having to clean all the units himself caused his "sugar level to drop".
4. Defendant has asserted that plaintiff's claim is subject to involuntary dismissal with prejudice insofar as the Workers' Compensation Act provides plaintiff an exclusive remedy for his alleged work-related injuries, and therefore the Industrial Commission lacks subject matter jurisdiction under the Tort Claims Act to hear plaintiff's claim for negligence.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. "[T]he exclusive source of remedy for a prisoner injured while working is through the Workers' Compensation Act." Richardson v.N.C. Dep't of Correction,345 N.C. 128, 137, 478 S.E.2d 501, 507 (1996). So long as a plaintiff has sustained accidental injury "arising out of *Page 3 
and in the course of the employment" to which the inmate was assigned, such injury is compensable under the Workers' Compensation Act. N.C. Gen. Stat. § 97-13(c); see also Roman v. SouthlandTransp. Co.,350 N.C. 549, 551-52, 515 S.E.2d 214, 216 (1999) (citation omitted).
2. Because plaintiff's alleged injuries clearly "ar[ose] out of and in the course of" his assigned work duty, he is barred from recovery under the Tort Claims Act. See Richardson,345 N.C. at 137, 478 S.E.2d at 507. Accordingly, plaintiff's claim is subject to involuntary dismissal with prejudice.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. IT IS HEREBY ORDERED that defendant's Motion for Involuntary Dismissal is hereby GRANTED, and plaintiff's claim is DISMISSED WITH PREJUDICE.
2. Each side shall pay their own costs.
This the 6th day of April, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER *Page 4 
 S/_____________ PAMELA T. YOUNG CHAIR *Page 1